SMITH, Circuit Judge,
dissenting.
I respectfully dissent because I conclude that the Board lacked a quorum due to the invalidity of the recess appointments of three of its members. I would follow the holding in Noel Canning that the recess appointments clause of the Constitution permits the President to fill only “Vacancies that may happen during the Recess of the Senate.” 705 F.3d at 507 (quoting U.S. Const. art. II, § 2, cl. 3). It is undisputed that the appointments of three of the five Board members occurred during Senate recesses, whether they be characterized as intersession or intrasession recesses. However, it is also undisputed that the vacancies filled by these recess *799 appointments did not “happen during the Recess of the Senate” as the words “happen during” are normally used in the English language.[9] The vacancies predated the recess periods during which they were filled.[10] I would therefore vacate the decisions of the Board which lacked a quorum of duly-appointed members.[11]
The majority declines to review REL-CO’s argument regarding the validity of the recess appointments. It concludes that RELCO’s challenge is not jurisdictional and waived because it was not raised before the Board or in its initial briefs. I agree with the majority that RELCO’s brief did not make a cognizable jurisdictional argument under the applicable authorities. However, I disagree that REL-CO has not made a sufficient showing that its nonjurisdictional Appointments-Clause challenge lacks extraordinary circumstances warranting discretionary review on our part. In Frey tag, the Court rejected the argument of the IRS Commissioner that the petitioners had waived their right to challenge the constitutionality of a section of the tax code. 501 U.S. at 879, 111 S.Ct. 2631. The Court stated that it had discretion to hear the case and would do so because the challenge of the statute was “neither frivolous nor disingenuous.” Id. The Court also noted that the challenged feature of the statute “goes to the validity of the Tax Court proceeding that is the basis for this litigation.” Id. RELCO’s challenge to existence of a quorum on the Board similarly goes to the very validity of the underlying proceeding.
In short, the majority reiterated the questions facing our court to be those that we posed to the parties for supplemental briefing. Those questions were:
1) Whether the challenge to the NLRB’s quorum is jurisdictional?
2) If it is not jurisdictional, did RELCO waive the issue?
3) If it was waived, should we nonetheless decide the issue?
4) Assuming we can decide the issue, were the appointments to the NLRB validly made in accordance with the Recess Appointments Clause?
Based on this record and the applicable authorities, I would answer these questions as follows: (1) No., (2) No., (3) Yes., *800 and (4) No. I therefore respectfully dissent.

. I agree with the dissent in the Eleventh Circuit's Evans case, which stated:
By interpreting the Recess Appointments Clause to allow a President to fill a vacancy created during one recess with an appointment made during a subsequent recess, we are effectively allowing a President to sidestep the Senate's advice-and-consent role even where the Senate is not disabled from fulfilling that role — which, I note again at the risk of repetition, was and still is the only reason for creating a recess appointment power.
I do not believe that the Constitution permits a President to frustrate in this way the careful separation of powers intended by the framers.
387 F.3d at 1234 (11th Cir.2004) (Barkett, J„ dissenting)

. The majority seems to consider “continued practice” sufficient authority for ignoring the plain language of the Constitution. In my view, congressional acquiescence to the exercise of executive power not authorized by the Constitution does not amend the Constitution to create what did not exist. The People gave limited authority to our federal government divided among three branches, delineating that authority in specific Constitutional provisions. Two branches of that government cannot collude to give one of them governmental power that the People did not first place in the Constitution.

. As noted by the majority, the Third and Fourth Circuits have held that the recess appointments of three members of the NLRB caused the Board to lack a quorum. See New Vista Nursing & Rehab., 719 F.3d at 244; Enter. Leasing Co. Se., 722 F.3d at 660, 2013 WL 3722388 at *48.